UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MONSANTO COMPANY and | ) | |
| MONSANTO TECHNOLOGY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV286 HEA |
| | ) | |
| BOGGS FARM CENTERS, INC., | ) | |
| and ANDREW MAX BOGGS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Andrew Max Boggs Jr's ("Boggs") Motion to Dismiss for Lack of Jurisdiction [Doc. #14], and Plaintiffs/Counterclaim Defendants Monsanto Company and Monsanto Technology LLC's ("Monsanto" collectively) Motion to Strike and Dismiss [Doc. #19]. For the reasons set forth below, Defendant Boggs' Motion to Dismiss for Lack of Jurisdiction is denied. Additionally, Plaintiffs/Counterclaim Defendants Monsanto's Motion to Strike and Dismiss is granted in part and denied in part.

## Facts and Background

This case arises from an Agreement entered into on February 1, 2001 between Monsanto and BFC and, allegedly, Andrew Boggs, the owner of BFC. Monsanto is an entity organized and incorporated in the State of Delaware, with its

principal place of business in St. Louis, Missouri. Both BFC, a farm supply store, and Boggs are residents of to Fallston, North Carolina. Monsanto asserts the Agreement at issue only authorized the principal, BFC, to use seed for planting commercial crop in a single growing season and prohibited the saving of any crop produced from the purchased seed for planting. Monsanto alleges that Boggs sold and/or transferred "saved" bin-run Roundup Ready ® to one or more third parties, and sold, transferred or otherwise supplied newly purchased soybean, corn, and/or cotton seed to one or more third parties without authorization or license.

Monsanto brings this patent infringement cause of action pursuant to 35 U.S.C. § 271 claiming that Defendants–without authorization or license–made, used, offered to sell, sold and/or transferred Monsanto's U.S. Patent No. US RE39,247 E (hereinafter the '247 E patent) and U.S. Patent No. 5,352,605 (the '605 patent)[1].

**Boggs's Motion to Dismiss for Lack of Jurisdiction**

In his Motion [Doc # 14], Boggs seeks dismissal for lack of personal jurisdiction arguing the forum selection clause relied upon by Plaintiffs does not apply to Boggs, as he, individually, is not a party to the Agreement. Boggs

---

[1]Throughout BFC's Answer, Affirmative Defenses and Counterclaims it repeatedly refers to Patent No. 5,532,695. The actual patent at issue in this matter is Patent No. 5,532,605 ("'605 Patent"). The Court presumes that due to clerical error, BFC actually intended to assert their arguments as it relates to the '605 Patent.

contends that he executed the agreement in his capacity as an officer of Boggs Farm Center, and he argues that the ambiguous contract language does not render him liable under the Agreement. Monsanto contends that the Motion to Dismiss should be denied because: 1) Boggs signed the contract at issue containing an enforceable forum selection clause in his personal capacity; and 2) the contract at issue expressly prohibits execution solely in an official capacity.

Rule 12(b)(2) of the Federal Rules of Civil Procedure allows for the dismissal of a claim if the Court does not have personal jurisdiction over a defendant. Whether a district court has personal jurisdiction of a defendant in a patent infringement action is subject to plenary review. *Monsanto Company v. McFarling*, 302 F.3d 1291, 1294 (C.A.Fed. (Mo), 2002). The issue here is not the reach of a state's long-arm statute, but the effect of a forum selection clause whereby jurisdiction is obtained by contractual consent or waiver. *Id.* Such a clause is enforceable unless the challenging party clearly demonstrates that the clause is invalid or that enforcement would be unreasonable or unjust. *Id. see Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 n. 14 (1985).

The relevant clauses of the Agreement are as follows:

**FARM INFORMATION**
The individuals and entities bound by the terms of this Agreement shall include the farm business listed below as well as individuals or entities affiliated with, related to or having an ownership in such farm business...

* * * *

**SIGNATURE & DATE REQUIRED**
I acknowledge that I have read and understand the terms and conditions of this Agreement, including the Monsanto Technology Use Guide and the provisions related to the Disclaimer of Warranties and Exclusive Remedy. If you do not agree to these terms, you should return the unopened bags of seed to your dealer. The undersigned acknowledges that he/she has the authority to bind the individuals and/or entities subject to this Agreement.

/ *signed* / Andrew Max Boggs 2-1-01

* * * *

**GOVERNING LAW / FORUM SELECTION (FOR ALL OTHER CLAIMS OR DISPUTES)**
This Agreement is governed by the laws of the State of Missouri and the United States (other than the choice of law rules). Except for grower claims related to cotton, which must be arbitrated as specified above under "Binding Arbitrations," the parties consent to the exclusive jurisdiction and venue of the U.S. District Court for the Eastern District of Missouri, Eastern Division, and the Circuit Court of the County of St. Louis, State of Missouri, for all disputes arising out of or connected in any way with the use of the seed or the technologies as provided through this Agreement or its related parts.

Plt. Exh 1, "2001 Monsanto Technology Agreement."

Defendant Boggs alleges that enforcement would be unreasonable because he did not sign the Agreement on behalf of himself, individually, but in his capacity as an officer of BFC. Generally, where a person, acting with sufficient authority, signs an instrument in a corporate name with his own signature affixed as an officer, the principal being thus disclosed, he is not individually liable. *Receivables*

*Finance Corp. V. Hamilton,* 408 S.W.2d 44, 46 (Mo. 1966). Boggs contends that, in the present case, the principal was disclosed, and they point to the fact that Monsanto included "Boggs Farm Center Inc"preprinted on the Agreement form. What Boggs leaves out; however, is that directly below BFC's preprinted name was a preprinted line with Boggs' full name, "Mr Andrew Max Boggs". So, essentially, both BFC *and* Boggs were disclosed as parties on the Agreement. Additionally, the Agreement contained a line which asked Boggs to define his role on the farm and he checked a box which indicated "Owner." *See* Pltf. Exh. 1.

In light of these facts, it is clear to the Court that Boggs intended to personally bind himself when he executed the Agreement with Monsanto. The terms and content contained in the Agreement make it quite clear that Boggs is the owner of BFC; both BFC and Boggs were bound by the terms; and Boggs acknowledged that he has the authority to bind himself and BFC subject to the Agreement. Boggs' argument that he did not bind himself because he's the Vice President of BFC lacks support. Neither on the Agreement did Boggs indicate he was the Vice President, nor did he sign as such in behalf of BFC. The clear and explicit language of the Agreement, as shown above, serves as evidence that both parties were intended to be bound. *See Warren Supply Co. V. Lyle's Plumbing, LLC*, 74 S.W. 3d 816, 819-820 (W.D.Mo. 2002).

Additionally, there is no evidence that the forum clause was unenforceable. Defendant has failed to clearly demonstrate that the clause is invalid or that enforcement would be unreasonable or unjust. *see Burger King Corp.,* 471 U.S. at 472 n. 14 (1985). As such, Boggs' Motion to Dismiss for Lack of Jurisdiction is denied.

## Monsanto's Motion to Strike and Dismiss Boggs and BFC's Affirmative Defenses and Counterclaim

Monsanto requests that the Court, pursuant to Rule 12(f), strike BFC's Eighth and Ninth Affirmative Defenses. Additionally, Monsanto requests that the Court, pursuant to Rule 12(b)(6), dismiss Counterclaim I, to the extent that it alleges patent unenforceability.

**Monsanto's Motion to Strike BFC's Eighth Affirmative Defense**

Under Fed.R.Civ.P. 12(f), a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." There is general judicial agreement that motions to strike should be denied "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382. While an answer need not include a detailed statement of applicable defenses, defendant must do more than

make conclusory allegations; affirmative defense which comprises no more than bare bones conclusory allegations must be stricken. *Microsoft Corp, v. Jesse's Computers & Repair, Inc.,* 211 F.R.D. 681, 684 (M.D. Fla. 2002).

In its Eighth Affirmative Defense, BFC urges the Court to declare unenforceability of the '605 Patent due to misuse. The entirety of Defendant / Counterclaim Plaintiff BFC's patent misuse claim reads as follows: "[u]pon information and belief, the 5,532,695 [sic] and RE39,247 patent is unenforceable due to Plaintiff's misuse thereof." Doc. #13 at 11. BFC's Eighth Affirmative Defense does nothing more than make a conclusory allegation of patent misuse. BFC fails to provide any support that would put Monsanto on notice of the factual basis related to this defense. BFC omitted any short and plain statement of facts and failed totally to allege the necessary elements of the alleged claim. *See Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1295 (7th Cir. 1989). As such, Monsanto's request to strike BFC's Eighth Affirmative Defense is granted.

**Monsanto's Motion to Strike BFC's Ninth Affirmative Defense**

In its Ninth Affirmative Defense, BFC alleges inequitable conduct regarding the '605 Patent. Rule 9(b) of the Federal Rules of Civil Procedure provides that, "[i]n alleging fraud or mistake, a party must state with particularity the

7

circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). The Federal Circuit holds that "whether inequitable conduct has been adequately pled is a procedural matter, but since it bears on an issue that 'pertains to or is unique to patent law,' [they] will apply [their] own law to the question of whether the pleadings [are] adequate." *World Wide Stationery Mfg. Co., Ltd. V. U.S. Ring Binder, L.P.,* 2009 WL 1684702 *2 (8th Cir. 2009); quoting *Cent. Admixture Pharmacy Services, Inc. v. Advanced Cardiac Solutions, P.C.,* 482 F.3d 1347, 1356 (Fed.Cir.2007). The Federal Circuit also explained that "inequitable conduct, while a broader concept than fraud, must be plead with particularity." *Id.* Therefore, a party's pleadings must "provide the required particularity to give notice to the other party of the facts on which inequitable conduct is premised." *Id.*

The entirety of Defendant / Counterclaim Plaintiff BFC's inequitable conduct claim reads as follows: "[u]pon information and belief, by reason of statements, arguments, and/or amendments made during the prosecution before the United States patent and Trademark Office, Plaintiffs are estopped from asserting the claims of the 5,532,695 [sic] and RE39,247." To state a claim for inequitable conduct, a party must allege "that the applicant (1) made an affirmative misrepresentation of material fact, failed to disclose material information, or submitted material information, and (2) intended to deceive the [Patent and

Trademark Office]." *World Wide Stationery Mfg. Co., Ltd*, 2009 WL 1684702 * 2. It is clear to the Court that BFC's claims of inequitable conduct fail to set forth the particularity required of an inequitable conduct allegation. BFC's conclusory claim, at most, alleges that Monsanto is estopped from asserting its claims due to statements, arguments and/or amendments made before the Patent and Trademark Office and nothing else. Thus, the pleading fails to provide the required particularity to give notice to Monsanto of the facts on which the defense is premised. *See Central Admixture Pharmacy Services, Inc., v. Advanced Cardiac Solutions, P.C.,* 482 F.3d 1347, 1356 (11th Cir. 2007). As such, Monsanto's motion to strike BFC's Ninth Affirmative Defense is granted.

**Monsanto's Motion to Dismiss BFC's Counterclaim I**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965 (May 21, 2007), *citing Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508 n. 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes,* 416

U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Id.* A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.,* 127 S.Ct. at 1974. *See also id.* at 1969 ("no set of facts" language in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957), "has earned its retirement."). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

Monsanto has filed a Motion to Dismiss BFC's Counterclaim I to the extent that it asserts a claim for patent unenforceability. BFC alleges that it has not infringed and does not infringe any valid, enforceable claim of the 5,633,435 and RE39,247 patents, either literally or under the doctrine of equivalents, and that the aforementioned patents are invalid. Doc #13 at 13-14. In its Counterclaim I, BFC alleges, more specifically, that:

6. This Counterclaim is brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§2201-2202, and Rule 57, Fed.R.Civ.P., for a declaration that BFC has not infringed and does not infringe any valid and enforceable claim of the 5,633,435 and RE39,247 patents, either literally or under the doctrine or equivalents, and that the 5,633,435 and RE39,247 patents are invalid.

7. Monsanto has threatened to assert the 5,633,435 and RE39,247 patents against BFC and have filed a Complaint against BFC alleging patent infringement by BFC, to which Complaint is attached purported copies of the 5,633,435 and RE39,247 patents. As a result of Monsato's acts, Monsanto has placed a cloud over BFC's

business activities and has caused and will likely continue to cause uncertainty among customers, prospective customers, and others in the marketplace, leading BFC to lose revenues and/or business opportunities.

8. There is an actual and justiciable case or controversy between BEFC and Monsanto, concerning the alleged infringement, validity, and enforceability of the 5,633,435 and RE39,247 patents.

9. Upon information and belief, the 5,633,435 and RE39,247 patents are invalid in view of the prior art and/or failure to failure to comply with one or more of the requirements of the United States Patent act set out in 35 U.S.C. §§ 1, et seq., including without limitation to 35 U.S.C. §§ 102, 103, and 112, including all subparts or paragraphs of such sections.

Defendat Boggs Farm Center, Inc's Answer and Counterclaim to Plaintiff's Complaint, Doc. #13 at 13-14.

Based on the language found within Coutnerclaim I, BFC specifically claims that Monsanto's 5,633,435 and RE39,247 patents are invalid. BFC alleges that, with regard to the 5,633,435 and RE39,247 patents, Monsanto has failed to comply with one or more of the requirements set out in 35 U.S.C. §§ 102, 103 and 112. In light of the plaintiff's allegations laid out in the counterclaim, it cannot be said that BFC is alleging unenforceability due to inequitable conduct, as Monsanto suggests. BFC has specifically stated that the 5,633,435 and RE39,247 patents are invalid, and thus unenforceable. Therefore, the Court believes that BFC's allegations provide the required particularity to give Monsanto notice of the facts on which patent invalidity is premised. BFC has alleged "enough facts to state a claim to

11

relief that is plausible on its face." *Bell Atl. Corp.,* 127 S.Ct. at 1974. The Court "must accept as true all of [a] complaint's factual allegations[.]" *Stodghill v. Wellston School District,* 512 F.3d 472, 476 (8th Cir. 2008). Thus, the Court will not dismiss BFC's Counterclaim I.

Accordingly,

IT IS HEREBY ORDERED that Andrew Max Boggs Jr.'s Motion to Dismiss [Doc. #13] is **DENIED.**

IT IS FURTHER ORDERED that Monsanto's Motion to Strike BFC's Eighth Affirmative Defense is **GRANTED.**

IT IS FURTHER ORDERED that Monsanto's Motion to Strike BFC's Ninth Affirmative Defense is **GRANTED.**

IT IS FURTHER ORDERED that Monsanto's Motion to Dismiss BFC's Counterclaim I is **DENIED.**

Dated this 18th day of November, 2010.

　　　　　　　　　　　　　　　　　　**HENRY EDWARD AUTREY**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**